TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JULIA HU (Cal. Bar No. 338226)
Assistant United States Attorney
General Crimes Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3802
    Facsimile: (213) 894-6269
    E-mail:   julia.hu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-294-GW-2 |
|---|---|
| Plaintiff, | No. CR 21-315-GW |
| v. | PLEA AGREEMENT FOR DEFENDANT OSCAR BELLO TORRES |
| OSCAR BELLO TORRES, | |
| Defendant. | |

1. This constitutes the plea agreement between OSCAR BELLO TORRES ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned cases. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the first superseding indictment in United States v. Catalan et al., No.



2/17/22

CR 21-294-GW, which charges defendant with conspiracy to distribute and possess with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

                    THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the first superseding indictment in United States v. Torres, No. CR 21-294-GW-2 as against defendant and the single-count information in United States v. Torres, No. CR 21-315-GW.

Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e. Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, subject to any applicable mandatory minimum, provided that the offense level used by the Court to determine that range is 34 or higher and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

4. Defendant understands that for defendant to be guilty of the crime charged in Count One of the first superseding indictment in <u>United States v. Torres</u>, No. CR 21-294-GW-2, that is, conspiracy to distribute and possess with intent to distribute methamphetamine, in violation 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii), the following must be true: (1) there was an agreement between two or more persons to distribute and possess with intent to distribute methamphetamine; and (2) defendant joined in the agreement knowing of its purposes and intending to help accomplish those purposes.

3

5.    The elements of the crime of distribution of methamphetamine, which is one object of the conspiracy charged in Count One, are as follows: (1) a person knowingly distributed methamphetamine; and (2) the person knew the distributed substance was methamphetamine, or some other federally controlled substance. "Distributing" means delivering or transferring possession of methamphetamine to another person, with or without any financial interest in that transaction.

6.    The elements of the crime of possession with intent to distribute methamphetamine, which is another object of the conspiracy charged in Count One are as follows: (1) a person knowingly possessed methamphetamine; (2) the person possessed it with the intent to distribute it to another person.

7.    Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that the conspiracy in which defendant participated involved at least 50 grams of actual methamphetamine.  Defendant admits that he knowingly and intentionally participated in a conspiracy to distribute and possess with intent to distribute at least 50 grams of methamphetamine.

8.    Defendant further understands that the law may require the government to prove beyond a reasonable doubt that the type and quantity of the charged controlled substance fell within the scope of defendant's agreement and were reasonably foreseeable to defendant. Defendant admits that the distribution and possession with intent to distribute at least 50 grams of actual methamphetamine fell within the scope of defendant's agreement and were reasonably foreseeable to him.

PENALTIES

9.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. § 846, as charged in Count One pursuant to 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), is: lifetime imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. § 846, as charged in Count One pursuant to 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), is: 10 years' imprisonment, followed by a 5-year period of supervised release, and a mandatory special assessment of $100.

11.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

12.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case

5

may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

13.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

14.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

1

FACTUAL BASIS

2    15.   Defendant admits that defendant is, in fact, guilty of the

3  offense to which defendant is agreeing to plead guilty.  Defendant

4  and the USAO agree to the statement of facts provided below and agree

5  that this statement of facts is sufficient to support a plea of

6  guilty to the charge described in this agreement and to establish the

7  Sentencing Guidelines factors set forth in paragraph 17 below but is

8  not meant to be a complete recitation of all facts relevant to the

9  underlying criminal conduct or all facts known to either party that

10  relate to that conduct.

11    Beginning on at least on or about January 4, 2021, and

12  continuing to at least on or about February 10, 2021, in Santa

13  Barbara County, within the Central District of California, there was

14  an agreement between defendant and the co-defendant named in Count

15  One ("co-defendant") to knowingly distribute, and knowingly possess

16  with intent to distribute, at least 50 grams of actual

17  methamphetamine.  When he joined in the agreement, defendant knew

18  that the agreement had the unlawful purposes of distributing and

19  possessing with intent to distribute methamphetamine, and defendant

20  joined in the agreement with the intent to further these unlawful

21  purposes.

22    The objects of the conspiracy were to be accomplished, as

23  follows: (1) co-defendant would arrange to sell methamphetamine to

24  drug customers; and (2) defendant and co-defendant would deliver

25  methamphetamine to customers in exchange for payment.

26    In furtherance of the conspiracy, and intending to help

27  accomplish its objects, on or about February 9, 2021, on a phone call

28  using coded language, co-defendant arranged to sell methamphetamine

7

to a person he believed to be a drug customer, but who was in fact, a confidential informant working with the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "CI"), the next day.  On or about February 10, 2021, through a series of phone calls and text messages, co-defendant told the CI that the drug sale would take place at co-defendant's drug supplier's address in Santa Barbara, California (the "East Gutierrez Street Address") and that his supplier would be present.  That same day, co-defendant met the CI at the East Gutierrez Street Address and climbed into the CI's vehicle, where defendant them joined shortly after conducting counter-surveillance measures intended to detect law enforcement.  Defendant then directed the CI to drive to a second location a few blocks away, where defendant sold the CI approximately 408 grams of actual methamphetamine in exchange for $3,200 in cash.

Later that day, co-defendant texted the CI with defendant's phone number, so that the CI could arrange future drug sales directly with defendant.  In fact, defendant sold methamphetamine directly to the CI on several occasions.  On or about February 22, 2021, in Santa Barbara, California, defendant sold the CI approximately 328 grams of actual methamphetamine for $3,200.  On or about March 2, 2021, in Santa Barbara, California, defendant sold the CI approximately 534 grams of actual methamphetamine for $3,000.

On or about June 10, 2021, defendant possessed in his house a backpack holding a plastic bag containing approximately 86.3 grams of actual methamphetamine; a USPS mailing pack addressed to defendant containing approximately 167 grams of actual methamphetamine; and a package containing 286.4 grams of actual methamphetamine, as well as five cell phones.  Defendant admits that he knowingly and

1   intentionally possessed approximately 539.7 grams of methamphetamine

2   with the intent to distribute it to another person.

3          In total, defendant distributed or possessed with intent to

4   distribute 1,809.7 grams of actual methamphetamine.  At all relevant

5   times, defendant knew that the controlled substance he was

6   distributing, possessing with intent to distribute, and conspiring to

7   distribute and possess with intent to distribute was methamphetamine.

8                             SENTENCING FACTORS

9          16.  Defendant understands that in determining defendant's

10  sentence the Court is required to calculate the applicable Sentencing

11  Guidelines range and to consider that range, possible departures

12  under the Sentencing Guidelines, and the other sentencing factors set

13  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

14  Sentencing Guidelines are advisory only, that defendant cannot have

15  any expectation of receiving a sentence within the calculated

16  Sentencing Guidelines range, and that after considering the

17  Sentencing Guidelines and the other § 3553(a) factors, the Court will

18  be free to exercise its discretion to impose any sentence it finds

19  appropriate between the mandatory minimum and the maximum set by

20  statute for the crime of conviction.

21         17.  Defendant and the USAO agree to the following applicable

22  Sentencing Guidelines factors:

23    Base Offense Level (Between        36        U.S.S.G. §§ 2D1.1(a)(5),
      1.5 and 4.5 Kilograms of                            (c)(2)
24    Actual Methamphetamine):

25

26  Defendant and the USAO reserve the right to argue that additional

27  specific offense characteristics, adjustments, and departures under

28  the Sentencing Guidelines are appropriate.  Defendant understands

                                    9

that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

18.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19.  Defendant reserves the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20.  Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.  The right to persist in a plea of not guilty.

        b.  The right to a speedy and public trial by jury.

        c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

        d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e.  The right to confront and cross-examine witnesses against defendant.

        f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

21.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

22.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 34 and the criminal history category calculated by the Court, subject to any applicable mandatory minimum, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by

the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 34 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>WAIVER OF COLLATERAL ATTACK</u>

24.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

25.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a

claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

26.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

27.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

28.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

29.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred before the breach); (ii) the agreed-to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

30.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

31.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

33.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

1

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2    34.  The parties agree that this agreement will be considered

3  part of the record of defendant's guilty plea hearing as if the

4  entire agreement had been read into the record of the proceeding.

5  AGREED AND ACCEPTED

6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
7  CALIFORNIA

8  TRACY L. WILKISON
   United States Attorney

9
                                          3/11/2022
   /s/
10 _____    _____
   JULIA HU                              Date
11 Assistant United States Attorney

12
                                          3.9.22
   _____    _____
13 OSCAR BELLO TORRES                    Date
   Defendant

14
                                          03/09/2022
   _____    _____
15 IJEOMA EKE                            Date
   Deputy Federal Public Defender
16 Attorney for Defendant OSCAR BELLO
   TORRES

17

18

19

20

21

22         CERTIFICATION OF DEFENDANT

23    I have read this agreement in its entirety.  I have had enough

24 time to review and consider this agreement, and I have carefully and

25 thoroughly discussed every part of it with my attorney.  I understand

26 the terms of this agreement, and I voluntarily agree to those terms.

27 I have discussed the evidence with my attorney, and my attorney has

28 advised me of my rights, of possible pretrial motions that might be

1  filed, of possible defenses that might be asserted either before or

2  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

3  of relevant Sentencing Guidelines provisions, and of the consequences

4  of entering into this agreement.  No promises, inducements, or

5  representations of any kind have been made to me other than those

6  contained in this agreement.  No one has threatened or forced me in

7  any way to enter into this agreement.  I am satisfied with the

8  representation of my attorney in this matter, and I am pleading

9  guilty because I am guilty of the charge and wish to take advantage

10 of the promises set forth in this agreement, and not for any other

11 reason.

12

                                                    3.9.22

13 OSCAR BELLO TORRES                          Date
   Defendant

14

15            CERTIFICATION OF DEFENDANT'S ATTORNEY

16     I am OSCAR BELLO TORRES's attorney.  I have carefully and

17 thoroughly discussed every part of this agreement with my client.

18 Further, I have fully advised my client of his rights, of possible

19 pretrial motions that might be filed, of possible defenses that might

20 be asserted either before or at trial, of the sentencing factors set

21 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

22 provisions, and of the consequences of entering into this agreement.

23 To my knowledge: no promises, inducements, or representations of any

24 kind have been made to my client other than those contained in this

25 agreement; no one has threatened or forced my client in any way to

26 enter into this agreement; my client's decision to enter into this

27 agreement is informed and voluntary; and the factual basis set forth

28

1   in this agreement is sufficient to support my client's entry of a

2   guilty plea pursuant to this agreement.

3

4   _____          03/09/2022
    IJEOMA EKE                           _____
    Deputy Federal Public Defender       Date
5   Attorney for Defendant OSCAR BELLO
    TORRES